**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Baby Boy Jackson, | Case No. 2:26-cv-01622-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Frontier Airlines Inc.; et al., | |
| Defendants. | |

Pro se Plaintiff Baby Boy Jackson filed an application to proceed *in forma pauperis* (which means to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.     Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff has left certain of the boxes under question 3 blank.  So, it is unclear to the Court if Plaintiff receives income from any source other than "[b]usiness, profession, or other self-employment."  This information is particularly absent given Plaintiff's claim to only make $500.00 per month but to pay $2,299.00 per month in expenses.  It is not clear to the Court how Plaintiff pays these expenses without any other income, which other income could potentially be explained by the boxes in question 3.  While Plaintiff has otherwise responded to the remaining questions, the Court cannot determine if he qualifies for *in forma pauperis* status if his application is not complete.  The Court will therefore deny Plaintiff's application without prejudice and will give him thirty days to file an updated application or to pay the filing fee.

The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions.  Plaintiff also may not leave any questions blank.  Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 6, 2026,** to (1) file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee; and (2) file a signed complaint. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: June 3, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.